IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Jimmy Delap, | ) | Case No. 4:14-CV-011 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND** |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| Unit Drilling Company, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff above named and for his Complaint against the Defendant states as follows:

## I. PARTIES AND JURISDICTION

1.     At all times relevant hereto, Plaintiff, Jimmy Delap, has resided in West Pointe, California and is a citizen of California.  His date of birth is April 20, 1950 and at all times relevant hereto, Plaintiff was over forty (40) years of age.

2.     At all times relevant hereto, Defendant, Unit Drilling Company, is a foreign business corporation licensed and doing business in North Dakota and at all times mentioned herein is an employer within the meaning of the Age Discrimination in Employment Act of 1967.

4.     This Court has jurisdiction over this matter as this matter involves a federal question based upon the Age Discrimination in Employment Act of 1967.

## II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5.     Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

6.     Plaintiff, Jimmy Delap, is a qualified individual within the meaning of  the Age

1

Discrimination in Employment Act of 1967.

7.   On or about March 25, 2011, Defendant hired Plaintiff as an employee.

8.   Plaintiff was hired as a motor man and then moved onto derrick man.

9.   During Plaintiff's employment with Defendant, he never missed a day of work and he was never told his job performance was substandard.

10.   On June 2, 2012, Plaintiff became ill and went to the hospital the following day where he was diagnosed with pleurisy.

11.   Plaintiff continued to work despite his illness.

12.   In late May of 2012, a new driller was assigned to supervise the rig.  This driller was approximately 27 years of age.  Chad Hibbert, the driller, was the direct supervisor of the crew including Jimmy Delap.  Chad Hibbert made repeated comments that Mr. Delap,  the Plaintiff, was too old and he wanted a young crew. Mr. Hibbert made these comments in public with others at a local eatery/saloon.

13.   On June 5, 2012, Defendant terminated Plaintiff's employment.

14.   Plaintiff was sixty-two (62) years of age at the time of his termination.

15.   On September 11, 2012,  Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC").

16.   The EEOC investigated the claim under both state and federal law.

17.   The EEOC, on December 27, 2013, issued a Notice of Right to Sue that indicated suit must be commenced withing 90 days.  A copy of the Notice of Right ti Sue is attached as Exhibit A.

18.   Plaintiff has commenced suit within the 90 day period.

## COUNT I
## AGE DISCRIMINATION

19.   Plaintiff reasserts each and every matter and thing contained in the preceding

2

paragraphs and incorporates them by reference.

20.     Plaintiff's age was a determining factor in Defendant's decision to terminate Plaintiff.

21.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

## COUNT II
## MENTAL AND EMOTIONAL DISTRESS

22.     Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

23.     Defendants' actions described herein were intentional and inflicted upon Plaintiff's severe mental and emotional distress.

24.     As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

WHEREFORE, Plaintiff respectfully prays to this Court as follows:

1.     For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount to be determined at trial but not less than $75,000.00;

2.     For Plaintiff's attorneys fees, costs, interest and disbursements incurred herein; and

3.     For such other and further relief as the court deems just and equitable.

Dated this 31st day of January, 2013.

LARSON LAW FIRM, P.C.

Mark V. Larson (ID# 03587)
ATTORNEY FOR THE PLAINTIFF
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com

3

## DEMAND FOR TRIAL BY JURY

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

Mark V. Larson (ID#03587)
ATTORNEY FOR THE PLAINTIFF
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com